# E. L. WELDON v. STATE.

No. A-7369. Opinion Filed Dec. 20, 1930.
(294 Pac. 213.)

‎‎George L. Sneed, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, for convenience hereafter called the defendant, was convicted of the crime of rape, and his punishment fixed at confinement in the state penitentiary for a period of 15 years.   Motion for a new trial was filed, considered, overruled, and exceptions saved, and the case appealed to this court.

We have carefully examined the record, and find that the testimony tends to show that Mae Gray, the prosecuting witness, was over the age of 13 and under the age of 14 years on the date of the alleged offense, and the defendant was 27.   Mae stated she was at a schoolhouse where the defendant had been teaching school, in company with Mary Loving; that the defendant lit the lamp in one

of the school rooms, and she and Mary Loving started to get a drink of water; the defendant met her in one of the school rooms and told her to meet him at the ladies' toilet; she and Mary got the drink of water, and she told Mary she wanted to go to the ladies' toilet and meet the defendant; that she met the defendant there, and he lifted her over the fence, and they went a short distance in the brush, where the defendant laid her down and cohabited with her. Mary Loving corroborated the prosecuting witness as to what took place up to the time the prosecuting witness got over the fence and went into the brush. Mary Loving says they were gone from five to 15 minutes; the prosecuting witness returned, and she and Mary Loving went into the school room, and a few minutes later the defendant came in. The defendant denies he cohabited with the prosecuting witness.

Section 1837, C. O. S. 1921, defines "rape in the first degree" as follows:

"Rape committed by a male over 18 years of age upon a female under the age of 14 years, or incapable through lunacy or unsoundness of mind of giving legal consent; or accomplished with any female by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm, accompanied by apparent power of execution, preventing such resistance, is rape in the first degree. In all other cases rape is of the second degree."

The testimony in this case shows the prosecuting witness was under the age of fourteen years on the 15th day of April, 1927, and the defendant was 27 years of age. Where a charge of rape is preferred against the defendant, if the defendant is above 18 years of age and the prosecutrix under the age of 14, without regard to the matter of her consent, the act is rape in the first degree. Section 1837, C. O. S. 1921, supra.

The jury heard the testimony of the state and the defendant, and returned a verdict finding the defendant guilty and fixing his punishment at 15 years in the penitentiary. This court has repeatedly held that where the evidence is conflicting, it would not set aside the verdict on the ground of the insufficiency of the evidence. In this case there is a direct conflict between the prosecuting witness and the defendant as to what took place while they were out in the brush.

The defendant urges as grounds for reversal certain questions and actions of the trial court in the trial of his case. We have carefully examined the record, and while some of the statements made by the lower court are not without fault, yet they are not sufficient to warrant a reversal of the case. The defendant was accorded a fair and impartial trial. The court sufficiently advised the jury as to the law applicable to the facts in the case. The testimony is sufficient to sustain the conviction. No errors appearing in the record of sufficient merit to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.